UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:22CR-105-CRS

LA'QUEL MCCRARY                                            DEFENDANT

**PRETRIAL MEMORANDUM**
*-- Filed Electronically --*

The United States of America, by and through Assistant United States Attorney Joel King, respectfully submits this pretrial memorandum in accordance with the previous order of the Court.

**I. STATUTES INVOLVED AND ELEMENTS OF OFFENSES**

**COUNT 1**

**18 U.S.C. § 922(g)(1), Knowing Possession of a Firearm by a Convicted Felon**

(1)      The defendant knowingly possessed a firearm.

(2)      The defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

(3)      The defendant knew he was a felon.

(4)      The firearm was in or affecting interstate commerce.

**II. STATEMENT OF FACTS**

The United States statement of anticipated facts to be prove is as follows:

On September 29, 2021, a Louisville Metro Police Department ("LMPD") Officer, while working a traffic enforcement detail west bound on I-264 in the area of Crittenden Drive, noticed

a black Dodge Charger Hellcat operating at a high rate of speed, moving in and out of slower moving traffic. The Officer recorded and determined a speed of 86 MPH (or 26 MPH over the limit) on the radar. The Officer then initiated a traffic stop of the black Dodge Charger Hellcat.

The Officer spoke with the driver and sole occupant La'Quel McCrary. The vehicle was registered to a L.B., who is listed to reside at 5601 Landcross Drive Louisville, KY, 40216 which the Officer later learned is the defendant's address as well. The Officer requested the license, vehicle registration, and proof of insurance from the defendant. In addition, the Officer asked the defendant if there were any guns or other weapons in the vehicle, which the defendant denied.

The Officer asked the defendant about movements - toward the center and far fight of the vehicle - he was making while in the process of being pulled over. The defendant stated that there was a firearm in the glove box. In addition, the defendant admits that the firearm is loaded, that there is a round in the chamber, that he moved it from the center console to the glove box, and that he is a convicted felon. The defendant also claims the firearm is his girlfriend's.

### III.  SUBSTANTIVE ISSUES OF LAW

### A. 404(b) Evidence

In accordance with  Federal Rule of Evidence 404(b)(3), the United States hereby provides notice to the defendant that it intends to offer into evidence which may be considered governed by Federal Rule of Evidence 404(b) which provides:

> (1) *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Specifically, the United States may seek the admission of the following matters which may constitute evidence admissible under the rule:

1. YouTube video "CFN Tay Risktaker" - The video is a music video depicting the defendant and others. The defendant is shown standing near the 2020 black Dodge Charger Hellcat, which the same vehicle the defendant drove during the traffic stop where the defendant kept a firearm in the center console. The 2020 black Dodge Charger Hellcat is featured throughout the music video.

2. YouTube video "J.Smoke & C.F.N Tay – My Choppa" - The video is a music video depicting the defendant and others. In this music video, the defendant is observed multiple scenes during this video show the defendant holding and/or carrying a handgun.

3. YouTube video "Pull Up – C.F.N C,E,O , C.F.N TAY. JSMOKE" - The video is a music video depicting the defendant and others. In this music video, the defendant is observed multiple scenes during this video show the defendant holding and/or carrying a handgun.

Here, the three videos or images from the three videos will show the defendant's opportunity, knowledge, absence of mistake and/or lack of accident related to Count 1 - 18 U.S.C. § 922(g)(1), Knowing Possession of a Firearm by a Convicted Felon.

## IV. EVIDENTIARY ISSUES

### A. Stipulations

The United States will send to counsel of record a request for stipulations regarding the defendant's status as a convicted felon, as well as his knowledge of that status.

### B. Evidence of Potential Penalty is Not Relevant.

The United States requests that the defendant be precluded from introducing evidence or

commenting in any way about the potential penalty they would face upon conviction. Courts have long held that the question of punishment should never be considered by a jury in a criminal case. *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). "It is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the Court to determine matters of punishment." *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966). (Citing *Sullivan v. United States*, 317 F.2d 101, 102 (5th Cir. 1963)).

Section 8.05 of the Sixth Circuit Pattern Criminal Jury Instructions, current through February 3, 2022, makes it clear that any decision regarding punishment in a criminal case is the province of the trial judge, not the jury. Therefore any evidence, question, or argument regarding penalty would be improper and thus inadmissible.

## V.  ANTICPATED POTENTIAL TRIAL PROBLEMS OR OTHER ISSUES

The United States is not aware of any anticipated potential trial problems or other issues.

## VI.  PROPOSED SUBSTANTIVE AND SPECIAL JURY INSTRUCTIONS

**2.02 DEFINITION OF THE CRIME**
**12.01 Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1))**

(1) Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A)  First:  That the defendant has been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]
>
> (B)  Second:  That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

(C) Third:  That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.]

(D) Fourth:  That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

**2.10 ACTUAL AND CONSTRUCTIVE POSSESSION**

(A) **ACTUAL AND CONSTRUCTIVE POSSESSION:** Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.  The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

(i) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

(ii) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.

(iii) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(iv) But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

(B) **JOINT POSSESSION:** One more thing about possession.  The government does not have to prove that the defendant was the only one who had possession of the firearm.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.  But remember that just being present with others who had possession is not enough to convict.  The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, again, is all for you to decide.

The defendant does not have to own the firearm in order to possess the firearm.

 (B)  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

 (C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**2.08 INFERRING REQUIRED MENTAL STATE**

 (1) Next, I want to explain something about proving a defendant's state of mind.

 (2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

 (3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

 (4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

## VII.  PROPOSED VOIR DIRE QUESTIONS

 1. Is any member of the panel acquainted, either professionally or socially, with:

  a. The defendant?
  b. The defense attorney?
  c. The case agent?
  d. The Assistant United States Attorneys?

 2. This is a criminal case.  Do any of you have any moral, religious or philosophical beliefs that would prohibit you from being a fair and impartial juror in this case?  In other words, does anyone have a problem with sitting in judgment of another person?

 3. This case was investigated by the Bureau of Alcohol, Tobacco, Firearms & Explosives,

and the Louisville Metro Police Department. Has any member of the panel or any member of your family or your close friend/associate had any negative contact with any law enforcement agency? Does anyone hold any negative views of law enforcement officers in general? Would these experiences or opinions affect your ability to be fair and impartial to the government in this case?

4. Has any member of the panel or any member of your immediate family or close friend/associate had an unpleasant experience in court or involving lawyers which would cause you to be biased against either of the parties?

5. Have you or anyone close to you ever been investigated, arrested or convicted of a non-traffic related violation of state or federal law?

6. Have you or anyone in your family or a close friend ever testified in a criminal trial?

7. Have you or anyone in your family or a close friend ever been involved in a suit or other dispute against any government agency, particularly the Bureau of Alcohol, Tobacco, Firearms & Explosives, or the Louisville Metro Police Department?

8. Have you ever served on jury duty before? Was it a criminal case or a civil case? If so, was the jury able to reach a verdict? What was it?

10. Have you or anyone in your family or a close friend ever received any legal training, practiced law, or worked in an attorney's office?

11.     Is there any member of the panel who would not believe the sworn testimony of a government or state agent merely because he or she was a police officer or government employee?

12.     How many of you regularly watch crime dramas on t.v. like "C.S.I." or "Law and Order"?  Asking you if you understand that those shows are fiction and this is real, would insult your intelligence and that is not my purpose.  However, I want to ask some questions about expectations.  Many times those shows feature a scientific test that solves the case or a witness who confesses on the witness stand.  Do any of you expect to hear those types of evidence?  The judge will instruct you on the elements of each offense.  Those are the facts that the government must prove to you beyond a reasonable doubt.  That is the burden.  Will any of you hold the government to a different burden based on your expectations or require them to prove to you something that is not in the instructions.  In other words, can you convict someone if the government has proven all the elements of the crime, but has not proven something else, something about which you may be wondering?

13.     That brings me to the burden of proof.  You'll hear that the government has the burden of proof and the standard it has to meet is proof beyond a reasonable doubt.  That doesn't mean that they have to prove the case beyond all doubt, just that which is reasonable.  Does anyone have a problem with that?

14.     There are two types of evidence, direct and circumstantial.  Direct evidence can be physical evidence such as a gun or some drugs.  It can also be testimony.  Circumstantial evidence

is evidence that requires jurors to draw an inference from a set of facts. For example, if you go to bed at night and there is no snow on the ground, but when you wake up in the morning, the ground is covered with snow, your observations are circumstantial evidence that it snowed during the night. Does everyone understand that the law has no preference for either type of evidence and doesn't presume that one is better than the other? Does anyone have a problem with that?

15. Do any of you believe that the possession of firearms should be legalized under all circumstances? Does anyone believe convicted felons should be allowed to have firearms?

16. If selected as a juror in this case, do you understand that any personal feelings you may have must be set aside if they conflict with the law as the Court will instruct you?

17. Do you understand that in federal courts, punishment, if any, is imposed by the Court and that your verdict must in no way be affected by your concern for what punishment, if any, would be proper? Would each of you be able to consider the facts of the case and render a verdict without concern for what punishment would later be imposed?

18. Do you understand that a defendant on trial is entitled to a presumption of innocence, but as with all presumptions, it may be overcome by competent evidence?

19. Do any of you have difficulty hearing, seeing or sitting for long periods of time?

20. Do any of you have events going on in your lives that would distract your attention

from the testimony and evidence of this case?

21.    Do any of you know one another? If so, would you be influenced by the opinions or beliefs of the person you know?

22. Do any of you drive a vehicle that is registered to another, including family members? If so, how often do you drive the vehicle?

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Joel King
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 779-2755
joel.king@usdoj.gov

## CERTIFICATE OF SERVICE

On October 17, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

_____
Joel King
Assistant United States Attorney

10